IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 965 APPRENTICE TRAINING AND RETRAINING FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 965, <br><br> Plaintiffs, <br><br> vs. <br><br> STEVE'S TRUCKING, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) No. ) ) ) ) ) |

**COMPLAINT**

Plaintiffs, OPERATING ENGINEERS LOCAL 965 APPRENTICE TRAINING AND RETRAINING FUND *et al.,* by their attorneys, Cavanagh & O'Hara LLP, and for their complaint against Defendant STEVE'S TRUCKING, INC., pleads as follows:

**Count I: Delinquent Contributions & Report Forms**

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Defendant, STEVE'S TRUCKING, INC. maintains its principal place of business in Decatur Illinois, which is located within the venue of the Springfield Division of the District Court for the Central District of Illinois.

5. On or around June 19, 2002, the Defendant signed an adoption of agreement with the Plaintiff International Union of Operating Engineers Local Union No. 965. A copy of this adoption is attached as Exhibit A.

6. IRVIN SMITH is an owner and employee of Steve's Trucking, Inc. On or around June 19, 2002, Irvin Smith executed a Letter of Understanding obligating the Defendant to pay "Supplemental Dues and Training contributions listed in the Collective Bargaining Agreement between [Steve's Trucking] and [International Union of Operating Engineers] Local 965." A copy of this letter is attached as Exhibit B.

7. On or around June 30, 2005, the Defendant signed wage agreements with the Plaintiff International Union of Operating Engineers Local Union No. 965 for collective bargaining agreements between the Plaintiff Local 965 two employer associations: Associated General Contractors of Illinois and the Central Illinois Builders of A.G.C. Copies of these wage agreements are attached as Exhibit C.

8. CHRISTOPHER SMITH is an owner and employee of Steve's Trucking, Inc. On or around November 4, 2005, Christopher Smith executed a Letter of Understanding obligating him to pay "Apprenticeship Fund (Training Contributions), CIBI Advancement Foundation Dues and Supplemental Dues listed in the Collective Bargaining Agreement between [Steve's

Trucking] and [International Union of Operating Engineers] Local 965." A copy of this letter is attached as Exhibit D.

9. On or around May 9, 2013, Defendant signed a standard form agreement with Plaintiff Local 965. The relevant portions of that agreement are attached as Exhibit E.

10. On or around August 13, 2019, Defendant signed a wage agreement with Local 965. A copy of this agreement is attached as Exhibit F.

11. No agreements between the parties were terminated in writing as required by the agreements. All agreements continue to be binding on the parties.

12. Defendant is bound to the Standard Form Area Agreement. A copy of the relevant portions of the Standard Form Area Agreement for the period of May 1, 2022 – April 30, 2027 is attached hereto as Exhibit G.

13. Defendant is also bound to the Standard Form Building Agreement. A copy of the relevant portions of the Standard Form Building Agreement for the period of May 19, 2022 – April 30, 2024 is attached hereto as Exhibit H.

14. Plaintiff, Operating Engineers Local 965 Apprentice Training and Retraining Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust. A copy of the pertinent provisions of the trust agreement for Plaintiff, Operating Engineers Local 965 Apprentice Training and Retraining Fund, is attached hereto as Exhibit I and fully incorporated herein and made a part hereof by this reference.

15. Plaintiff, Operating Engineers Local 965 Apprentice Training and Retraining Fund, receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

16. Defendant Steve's Trucking, Inc. ("Defendant Steve's") is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12), and (14) of ERISA.

17. Defendant Steve's contacted and utilized the International Union of Operating Engineers Local 965 (hereinafter "Union") for manpower.

18. Defendant Steve's has recurrently used the Union for manpower.

19. Defendant Steve's has historically paid its employees from the Union the rate of pay as negotiated in the applicable collective bargaining agreements, or the applicable wage agreements thereto (*i.e.*, "union scale").

20. Defendant Steve's has historically remitted check-offs (*i.e.*, wage deductions) to the Union and other Plaintiffs from its employees' pay checks.

21. Pursuant to the collective bargaining agreements Defendant Steve's is required to make contributions and other payments to Plaintiffs at the rates delineated in said collective bargaining agreements, or as may be increased/redistributed as determined by the Union.

22. Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the collective bargaining agreements and Plaintiffs' trust agreements. (See, 29 U.S.C. §1145).

23. Defendant Steve's employed individuals during the time period of January 2016 through present, and said individuals performed hours of work and earned gross wages under the collective bargaining agreements for which contributions and check-offs are owed to Plaintiffs.

24. Defendant Steve's has failed to timely and properly pay Plaintiffs the required contributions and check-offs under the collective bargaining agreements for the hours of work performed and gross wages earned by its employees.

25. Further, Defendant Steve's has failed to submit all of the required report forms for the period of January 2016 through current; thus, making it impossible for Plaintiffs to know the total amount owed.

26. Plaintiffs are, therefore, unable to determine the full amount due, or to properly credit the accounts of Defendant's employees, who stand to lose eligibility, or coverage, as a result of Defendant's omissions, unless Defendant is ordered to submit the report forms.

27. Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligations to do so.

28. As a result of its failure to timely and properly pay Plaintiffs the required fringe benefit contributions and check-offs, Defendant owes Plaintiffs liquidated damages and interest pursuant to Plaintiffs' trust agreements.

29. Defendant breached the provisions of the collective bargaining agreements and trust agreements by failing to submit remittance report forms and pay fringe benefit contributions and other amounts in accordance with said collective bargaining agreements to Plaintiffs during the time period of January 2016 to present.

30. As a result, Defendant is considered to be delinquent in its obligations to Plaintiffs.

31. Plaintiffs have demanded that Defendant pay Plaintiffs the contributions and other amounts owed as well as submit the outstanding report forms, but Defendant has refused or otherwise failed to submit the outstanding report forms and pay Plaintiffs the contributions owed.

32. Pursuant to the terms of the trust agreement, Defendant is liable for reasonable attorney's fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

33. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*         \*         \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.
>
> (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

  A. For a judgment in favor of Plaintiffs and against Defendant STEVE'S TRUCKING, INC., for all such monies due—including delinquent contributions, check-offs, liquidated damages, interest, and all applicable statutory remedies, for the time period of January 2016 through current—at the time Judgment is rendered;

  B. That the Court enters orders for temporary, preliminary, and permanent injunctive relief requiring the Defendant to immediately submit the outstanding report forms so that the amount of contributions, and other damages due, can be determined;

  C. That Defendant be decreed to pay to Plaintiffs the delinquent contributions and check-offs, and the associated liquidated damages and interest, as reflected on the outstanding report forms;

  D. That Defendant be decreed to pay Plaintiffs' reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiffs' trust agreements;

  E. That Defendant be decreed to pay all costs attendant to these proceedings; and

  F. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## Count II: Compel Payroll Audit

34. Plaintiffs re-assert and re-allege paragraphs 1 through 33 of Count I as paragraphs 1 through 34 of Count II as if fully set forth herein.

35. Plaintiffs have the right to examine the relevant payroll and other business records of the Defendant in order to confirm the accuracy of Defendant's reporting of hours worked and gross wages earned and to determine whether the Defendant has paid Plaintiffs all of the fringe benefit contributions owed.

36.  Defendant owes Plaintiffs fringe benefit contributions and other amounts pursuant to the applicable collective bargaining agreements for the time period of January 1, 2016 to present that Defendant did not report, or reported without paying, to Plaintiffs.

37.  Pursuant to the terms of the trust agreement, the Defendant is liable for reasonable attorney's fees, court costs, audit costs, and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

38.  Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
>                               *            *            *
>
> **(2)**  In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>     **(A)**  the unpaid contributions,
>
>     **(B)**  interest on the unpaid contributions,
>
>     **(C)**  an amount equal to the greater of –
>
>         **(i)**  interest on the unpaid contributions, or
>
>         **(ii)**  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>     **(D)**  reasonable attorney's fees and costs of the action, to

     be paid by the defendant, and

  **(E)**  such other legal or equitable relief as the court deems appropriate.

 For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

 (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. That judgment is entered in favor of Plaintiffs and against Defendant, STEVE'S TRUCKING, INC., for all fringe benefit contributions, check-offs, liquidated damages and interest owed to Plaintiffs for the time period of January 1, 2016 through a future date including without limitation the ending date of any payroll compliance audit, as determined by a payroll compliance audit or otherwise;

B. That Defendant, STEVE'S TRUCKING, INC., is ordered to provide and/or make available to Plaintiffs or their auditor, all of the necessary payroll and other business records for the time period of January 1, 2016 through a future date determined by Plaintiffs or their auditor;

C. That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of January 1, 2016 through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorney's fees and costs to which Plaintiffs are entitled to pursuant to the trust agreements and ERISA;

D. That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due and owing to the Plaintiffs at the time Judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E.  That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. §1132(g)(2));

F.  That Defendant is decreed to pay all costs attendant to these proceedings;

G.  That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, Plaintiffs' trust agreements, or as is otherwise just and equitable.

<br>

OPERATING ENGINEERS LOCAL 965
HEALTH BENEFIT PLAN, *et al.*,
Plaintiffs,

By:   s/ August Appleton
AUGUST APPLETON
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, Illinois 62702
Telephone: (217) 544-1771
Facsimile: (217) 544-9894
august@cavanagh-ohara.com