E-FILED
Tuesday, 21 April, 2026 01:06:33 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL 965 | ) | |
| APPRENTICE  TRAINING AND RETRAINING | ) | |
| FUND CENTRAL ILLINOIS BUILDERS | ) | |
| INDUSTRY ADVANCEMENT FUND, | ) | |
| INTERNATIONAL UNION  ) OF OPERATING | ) | |
| ENGINEERS NATIONAL TRAINING FUND, | ) | |
| and INTERNATIONAL UNION OF | ) | |
| OPERATING ENGINEERS LOCAL 965, | ) | CIVIL ACTION |
| | ) | |
| *Plaintiffs,* | ) | Case No. 3:25-cv-03392 |
| | ) | |
| v. | ) | |
| | ) | |
| STEVE'S TRUCKING, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, STEVE'S TRUCKING, INC., by and through its undersigned Counsel, Allocco, Miller & Cahill, P.C., and for its Answer to the Complaint of Plaintiffs, OPERATING ENGINEERS LOCAL 965 APPRENTICE TRAINING AND RETRAINING FUND *et al.*, states as follows:

**Count I: Delinquent Contributions & Report Forms**

1.      This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq*. ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

**ANSWER**: Defendant admits the allegations in Paragraph 1.

1

2.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

**ANSWER**: Defendant admits the allegations in Paragraph 2.

3.      Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

**ANSWER**: Defendant admits the allegations in Paragraph 3.

4.      Defendant, STEVE'S TRUCKING, INC. maintains its principal place of business in Decatur Illinois, which is located within the venue of the Springfield Division of the District Court for the Central District of Illinois.

**ANSWER**: Defendant admits to allegations in Paragraph 4.

5.      On or around June 19, 2002, the Defendant signed an adoption of agreement with the Plaintiff International Union of Operating Engineers Local Union No. 965.  A copy of this adoption is attached as Exhibit A.

**ANSWER**: Defendant admits the allegations in Paragraph 5.

6.      IRVIN SMITH is an owner and employee of Steve's Trucking, Inc. On or around June 19, 2002, Irvin Smith executed a Letter of Understanding obligating the Defendant to pay "Supplemental Dues and Training contributions listed in the Collective Bargaining Agreement between [Steve's Trucking] and [International Union of Operating Engineers] Local 965." A copy of this letter is attached as Exhibit B.

**ANSWER**: Defendant admits the allegations in Paragraph 6.

7.      On or around June 30, 2005, the Defendant signed wage agreements with the Plaintiff International Union of Operating Engineers Local Union No. 965 for collective bargaining agreements between the Plaintiff Local 965 two employer associations: Associated General Contractors of Illinois and the Central Illinois Builders of A.G.C.  Copies of these wage agreements are attached as Exhibit C.

**ANSWER**: Defendant admits the allegations in Paragraph 7.

8.      CHRISTOPHER SMITH is an owner and employee of Steve's Trucking, Inc. On or around November 4, 2005, Christopher Smith executed a Letter of Understanding obligating him to pay "Apprenticeship Fund (Training Contributions), CIBI Advancement Foundation Dues and Supplemental Dues listed in the Collective Bargaining Agreement between [Steve's Trucking] and [International Union of Operating Engineers] Local 965." A copy of this letter is attached as Exhibit D.

**ANSWER**: Defendant admits the allegations in Paragraph 8.

9.      On or around May 9, 2013, Defendant signed a standard form agreement with Plaintiff Local 965.  The relevant portions of that agreement are attached as Exhibit E.

**ANSWER**: Defendant admits the allegations in Paragraph 9.

10.     On or around August 13, 2019, Defendant signed a wage agreement with Local 965. A copy of this agreement is attached as Exhibit F.

**ANSWER**: Defendant admits the allegations in Paragraph 10.

11.     No agreements between the parties were terminated in writing as required by the agreements.  All agreements continue to be binding on the parties.

**ANSWER**: Defendant admits the allegations in Paragraph 11.

12.    Defendant is bound to the Standard Form Area Agreement. A copy of the relevant portions of the Standard Form Area Agreement for the period of May 1, 2022 – April 30, 2027 is attached hereto as Exhibit G.

**ANSWER**: Defendant admits the allegations in Paragraph 12.

13.    Defendant is also bound to the Standard Form Building Agreement. A copy of the relevant portions of the Standard Form Building Agreement for the period of May 19, 2022 – April 30, 2024 is attached hereto as Exhibit H.

**ANSWER**: Defendant admits the allegations in Paragraph 13.

14.    Plaintiff, Operating Engineers Local 965 Apprentice Training and Retraining Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust. A copy of the pertinent provisions of the trust agreement for Plaintiff, Operating Engineers Local 965 Apprentice Training and Retraining Fund, is attached hereto as Exhibit I and fully incorporated herein and made a part hereof by this reference.

**ANSWER**: Defendant admits the allegations in Paragraph 14.

15.    Plaintiff, Operating Engineers Local 965 Apprentice Training and Retraining Fund, receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

**ANSWER**: Defendant admits the allegations in Paragraph 15.

16.    Defendant Steve's Trucking, Inc. ("Defendant Steve's") is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12), and (14) of ERISA.

**ANSWER**: Defendant admits the allegations in Paragraph 16.

17.     Defendant Steve's contacted and utilized the International Union of Operating Engineers Local 965 (hereinafter "Union") for manpower.

**ANSWER**: Defendant denies allegations in Paragraph 17.

18.     Defendant Steve's has recurrently used the Union for manpower.

**ANSWER**: Defendant denies allegations in Paragraph 18.

19.     Defendant Steve's has historically paid its employees from the Union the rate of pay as negotiated in the applicable collective bargaining agreements, or the applicable wage agreements thereto (*i.e.*, "union scale").

**ANSWER**: Defendant denies allegations in Paragraph 19.

20.     Defendant Steve's has historically remitted check-offs (*i.e.*, wage deductions) to the Union and other Plaintiffs from its employees' pay checks.

**ANSWER**: Defendant denies allegations in Paragraph 20.

21.     Pursuant to the collective bargaining agreements Defendant Steve's is required to make contributions and other payments to Plaintiffs at the rates delineated in said collective bargaining agreements, or as may be increased/redistributed as determined by the Union.

**ANSWER**: Defendant admits the allegations in Paragraph 21.

22.     Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the collective bargaining agreements and Plaintiffs' trust agreements. (See, 29 U.S.C. §1145).

**ANSWER**: Defendant admits the allegations in Paragraph 22.

23.    Defendant Steve's employed individuals during the time period of January 2016 through present, and said individuals performed hours of work and earned gross wages under the collective bargaining agreements for which contributions and check-offs are owed to Plaintiffs.

**ANSWER**: Defendant denies allegations in Paragraph 23.

24.    Defendant Steve's has failed to timely and properly pay Plaintiffs the required contributions and check-offs under the collective bargaining agreements for the hours of work performed and gross wages earned by its employees.

**ANSWER**: Defendant denies allegations in Paragraph 24.

25.    Further, Defendant Steve's has failed to submit all of the required report forms for the period of January 2016 through current; thus, making it impossible for Plaintiffs to know the total amount owed.

**ANSWER**: Defendant admits the allegations in Paragraph 25.

26.    Plaintiffs are, therefore, unable to determine the full amount due, or to properly credit the accounts of Defendant's employees, who stand to lose eligibility, or coverage, as a result of Defendant's omissions, unless Defendant is ordered to submit the report forms.

**ANSWER**: Defendant admits the allegations in Paragraph 26.

27.    Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligations to do so.

**ANSWER**: Defendant denies allegations in Paragraph 27.

28.    As a result of its failure to timely and properly pay Plaintiffs the required fringe benefit contributions and check-offs, Defendant owes Plaintiffs liquidated damages and interest pursuant to Plaintiffs' trust agreements.

**ANSWER**: Defendant denies allegations in Paragraph 28.

29.  Defendant breached the provisions of the collective bargaining agreements and trust agreements by failing to submit remittance report forms and pay fringe benefit contributions and other amounts in accordance with said collective bargaining agreements to Plaintiffs during the time period of January 2016 to present.

**ANSWER**: Defendant denies allegations in Paragraph 29.

30.  As a result, Defendant is considered to be delinquent in its obligations to Plaintiffs.

**ANSWER**: Defendant lacks information or knowledge sufficient to form a belief as to the truth of allegation in Paragraph 30.

31.  Plaintiffs have demanded that Defendant pay Plaintiffs the contributions and other amounts owed as well as submit the outstanding report forms, but Defendant has refused or otherwise failed to submit the outstanding report forms and pay Plaintiffs the contributions owed.

**ANSWER**: Defendant denies allegations in Paragraph 31.

32.  Pursuant to the terms of the trust agreement, Defendant is liable for reasonable attorney's fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

**ANSWER**: Defendant denies allegations in Paragraph 32.

33.  Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

(g) Attorney's fees and costs; awards in actions involving delinquent contributions

*  *  *

**(2)**  In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan

is awarded, the court shall award the plan –

**(A)**    the unpaid contributions,

**(B)**    interest on the unpaid contributions,

**(C)**    an amount equal to the greater of –

>   **(i)**    interest on the unpaid contributions, or
>
>   **(ii)**    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

**(D)**    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

**(E)**    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

**ANSWER**: Defendant admits the allegations in Paragraph 33.

### Count II: Compel Payroll Audit

34.    Plaintiffs re-assert and re-allege paragraphs 1 through 33 of Count I as paragraphs 1 through 34 of Count II as if fully set forth herein.

**ANSWER**: Defendant restates its answers to Paragraphs 1-34.

35.    Plaintiffs have the right to examine the relevant payroll and other business records of the Defendant in order to confirm the accuracy of Defendant's reporting of hours worked and gross wages earned and to determine whether the Defendant has paid Plaintiffs all of the fringe benefit contributions owed.

**ANSWER**: Defendant admits the allegations in Paragraph 35.

36.     Defendant owes Plaintiffs fringe benefit contributions and other amounts pursuant to the applicable collective bargaining agreements for the time period of January 1, 2016 to present that Defendant did not report, or reported without paying, to Plaintiffs.

**ANSWER**: Defendant denies allegations in Paragraph 36.

37.     Pursuant to the terms of the trust agreement, the Defendant is liable for reasonable attorney's fees, court costs, audit costs, and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

**ANSWER**: Defendant denies allegations in Paragraph 37.

38.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

(g) Attorney's fees and costs; awards in actions involving delinquent contributions

*          *          *

**(2)**     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

**(A)**     the unpaid contributions,

**(B)**     interest on the unpaid contributions,

**(C)**     an amount equal to the greater of –

**(i)**     interest on the unpaid contributions, or

**(ii)**     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

**(D)**     reasonable attorney's fees and costs of the action, to

be paid by the defendant, and

**(E)**       such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

__ANSWER__: Defendant admits the allegations in Paragraph 38.

Dated: April 21, 2026                                                    Respectfully submitted,

                                                                                    **STEVES TRUCKING, INC.**

                                                                                    By:  /s/ Todd A. Miller
                                                                                    Attorney for Defendant

Todd A. Miller (ARDC #6216561)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on today's date, **April 21, 2026**, he served a copy of **Defendant's Answer to Plaintiffs' Complaint** CM/ECF to the Plaintiff's counsel at the email/address below:

AUGUST APPLETON
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, Illinois 62702
august@cavanagh-ohara.com

<u>/s/ Todd A. Miller</u>
Attorney for Defendant
**Allocco, Miller, & Cahill P.C.**
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com
State Bar no. 6216561

11